OPINION
Plaintiff-appellant State of Ohio appeals the February 15, 2001 Judgment Entry of the Morrow County Court of Common Pleas, which granted defendant-appellee Kelvin Bridges' motion for judicial release.
 STATEMENT OF THE CASE AND FACTS
Appellee herein has failed to file a brief. Pursuant to App. R. 18(C):
 If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. (Emphasis added).
Pursuant to this rule, we accept appellant's statement of the facts as correct.
On February 9, 2000, the Morrow County Grand Jury indicted appellee on two counts of theft, in violation of R.C. 2913.02(A)(1), and two counts of forgery, in violation of R.C. 2913.31(A)(1). On August 11, 2000, appellee entered a guilty plea to one count of theft and one count of forgery. The State moved to dismiss the remaining counts. Thereafter, the trial court sentenced appellee to a prison term of twelve months for each of the two counts. The trial court ordered the terms be served consecutively.
In making the determination appellee should serve consecutive sentences, the trial court found appellee posed the greatest likelihood of recidivism and that consecutive sentences were necessary to protect the public and punish the offender. The trial court also noted appellee's criminal history demonstrated consecutive terms were necessary to protect the public. Specifically, the trial court stated "there is a likelihood that you are going to repeat, prior adjudications of delinquencies and history of criminal convictions show that you have multiple charges as a juvenile and as an adult your failure to respond favorably in the past for criminal convictions, basically supervision was revoked on several occasions."[1] However, the trial court also made the following statement at the sentencing hearing:
 I'm going to have Mr. Wick file a motion to consider judicial release after a period of time if we can find a place outside the prison system which will allow you to work through your problems in a residential treatment area for this drug abuse problem you now admit to.[2]
On January 2, 2001, appellee filed a motion for judicial release. The matter came before the court on February 15, 2001. Appellant opposed the proceeding and appellee's potential release because appellee had failed to comply with R.C. 2929.20(D). Specifically, appellee had failed to provide the court with the institutional summary report. In light of this objection, the trial court continued the matter to the following day, apparently expecting to receive such a report. However, when counsel for appellee indicated he would be unavailable the following day, the trial court ruled on the motion and granted judicial release. In the same judgment entry, the trial court amended appellee's conditions of community control to include successful completion of a community based correction facility program.
It is from this judgment entry appellant prosecutes its appeal, assigning the following as error:
 THE TRIAL COURT DID ERR BY ACTING UNREASONABLY, ARBITRARILY AND UNCONSCIONABLY WHEN IT PROCEEDED IN VIOLATION OF R.C. 2929.20 AND OVER APPELLANT'S OBJECTION.
 THE TRIAL COURT ERRED WHEN IT GRANTED JUDICIAL RELEASE TO AN OFFENDER SERVING MAXIMUM CONSECUTIVE TERMS.
 I
In its first assignment of error, appellant maintains the trial court erred in failing to require appellee's compliance with R.C. 2929.20. Specifically, appellant maintains the trial court should have postponed any hearing on judicial release until such time as it had the relevant institutional report. Appellant also argues any decision on the motion should likewise have been postponed. We agree.
R.C. 2929.20 governs judicial release. The statute states, in relevant part:
 (C) Upon receipt of a timely motion for judicial release filed by an eligible offender * * * the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing.* * *
* * *
 (E) Prior to the date of the hearing on a motion for judicial release under this section, the head of the state correctional institution in which the eligible offender in question is confined shall send to the court a report on the eligible offender's conduct in the institution and in any institution from which the eligible offender may have been transferred. The report shall cover the eligible offender's participation in school, vocational training, work, treatment, and other rehabilitative activities and any disciplinary action taken against the eligible offender. The report shall be made part of the record of the hearing.
 (G) At the hearing on a motion for judicial release under this section * * * [t]he court shall consider * * * any report made under division (E) of this section. * * * (Emphasis added).
The statute requires a trial court to conduct a hearing before granting a motion for judicial release. The trial court is also required to make the institution's report part of the record of the hearing. Further, the trial court is required to consider such report in making its determination.
Because the record indicates the trial court did not receive the institution's report at the time it ruled on appellee's motion for judicial release, it could not have made the report a part of the hearing or consider the report in making its determination. We will not speculate what the trial court might have decided had it been provided the report at the time of the hearing.
Appellant's first assignment of error is sustained.
The Judgment Entry of the Morrow County Court of Common Pleas is reversed.
This matter is remanded to the trial court for a new hearing on appellee's motion for judicial release.
 II
In it second assignment of error, appellant maintains the trial court erred in granting appellant's motion for judicial release. In light of our disposition of appellant's first assignment of error, any discussion of appellant's second assignment of error is premature.
 I
We have reviewed the record and appellant's brief and considered the oral arguments of appellant. Upon consideration, we find we improvidently granted appellant leave to file this appeal. Accordingly, appellant's appeal is hereby dismissed.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the Judgment Entry of the Morrow County Court of Common Pleas is reversed. This matter is remanded to the trial court for a new hearing on appellee's motion for judicial release. Costs assessed to appellee.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.
[1] Sentencing Tr. at 19.
[2] Sentencing Tr. at 22.